**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAMES LUCAS,

Plaintiff,

v. Case No. 2:17-cv-04575

RALPH TERRY, Warden,
Mount Olive Correctional Complex,
MICHAEL COLEMAN (or) COMMISSIONER, DOC,
and JEFF SANDY, Secretart, D-MAPS,

Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to a Standing Order (ECF No. 3), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The plaintiff, James Lucas, is an inmate at Mount Olive Correctional Complex ("MOCC"). On December 18, 2017, the plaintiff filed the instant Complaint under 42 U.S.C. § 1983 against Ralph Terry, Warden of MOCC, Michael Coleman, Commissioner of the West Virginia Division of Corrections ("WVDOC"), and Jeff Sandy, Secretary of the West Virginia Department of Military Affairs and Public Safety ("D-MAPS"). The plaintiff alleges that MOCC's grievance process is so inadequate that it violates the Due Process Clause of the Fifth and Fourteenth Amendments. (ECF No. 1 at 4). The

Complaint addresses MOCC's grievance process and its alleged inadequacies, specific grievances the plaintiff has filed at MOCC in which he did not receive a response (or in which he believes the responses were inadequate), and recommendations for improving the grievance process. (*Id.* at 1-19). He requests that the court order MOCC to enact a fair and equitable grievance process or, in the alternative, that the court reduce its filing fees, which he claims imposes a serious hindrance to an inmate's right to access the courts. (*Id.* at 6, 8). On January 18, 2018, the plaintiff filed an Addendum in support of his Complaint (ECF No. 4).

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a

case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50. This standard applies equally to the initial screening conducted under 28 U.S.C. § 1915A, where no Motion to Dismiss has been filed.

**ANALYSIS**

As an initial matter, the plaintiff's Fifth Amendment claim fails. The Due Process Clause of the Fifth Amendment applies to the federal government, whereas the Due Process Clause of the Fourteenth Amendment applies to the states. *See* 16C C.J.S. Constitutional Law § 1824. Thus, the Fifth Amendment prohibits the United States from depriving any person of life, liberty, or property without due process of law, whereas the Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of law. Since there was no federal action here, there is no possibility of a Fifth Amendment claim.

The plaintiff's Fourteenth Amendment claim also fails, because "there is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see also Burnett v. Allbaugh*, 715 F. App'x 848, 852 (2017) (citations omitted) (finding that "[t]here is no independent constitutional right to state administrative grievance procedures," and "[a] viable due process claim cannot rest on allegations of an unfair or inadequate grievance process"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.3d 494, 495 (8th Cir. 1993) (holding that an inmate grievance process did "not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment," and "[t]hus, defendants' failure to process any of [the plaintiff's] grievances, without more, is not actionable under section 1983"); *Mann v. Babbitt*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that "[t]here is no legitimate claim of entitlement to a grievance procedure"). Because there is no federal constitutional right to participate

in a grievance process, the plaintiff's Fourteenth Amendment claim fails and this action should be dismissed.

The plaintiff argues that MOCC's grievance process "deprive[s] inmates of the only avenue available to them through which they may challenge violative conditions of their incarceration." (ECF No. 1 at 4). This is simply not true. As the plaintiff has done on many occasions,[1] inmates may file civil lawsuits under 42 U.S.C. § 1983 challenging prison conditions or the actions of those taken within the prisons in the federal courts. While inmates must exhaust the available administrative remedies before filing a civil action, an inmate's lawsuit will not be dismissed for failure to exhaust if the grievance process was not made available to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016) (holding that prisoners "need not exhaust remedies if they are not 'available'"); *Burnett*, 715 F. App'x at 852 (holding that "if the implementation of a prison's grievance policy makes it impossible for an inmate to exhaust administrative remedies that action may be (and has successfully been) challenged in court on a case-by-case basis."); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (holding that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it"). Thus, this holding will not deprive inmates of the ability to seek redress for issues arising during their incarceration.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a plausible claim upon which relief can be granted, and that this matter is subject to dismissal under 28 U.S.C. § 1915A.

---

[1] Currently, the plaintiff has five pending lawsuits in this court.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

August 21, 2018

Dwane L. Tinsley
United States Magistrate Judge